THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ DOLORES GIRONA ESTEVES, Defendant and Appellant.

No. CR-67-155.     Decided December 14, 1967.

*E. Armstrong de Watlington, Enrique Miranda Merced,* and *Julio García Antique* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Appellant was called for trial under an information for attempt to commit larceny of use and for violation of § 4 of the Weapons Law. He admitted his guilt as to the attempt to commit larceny of use and submitted the case of the viola-

tion of the Weapons Law on the record of the prosecuting attorney and a stipulation of a policeman's testimony. On August 25, 1965, he was convicted and sentenced to serve six (6) months in jail because of the weapon. On appeal his only assignment of error is that the offense was not established because the object seized on appellant was an ordinary Phillips screwdriver.

Section 4 of Act No. 17 of January 19, 1951, provides as follows:

"Any person who possesses, bears or carries any weapon of the kind commonly known as blackjack, billy, or metal knuckles; and except when they are borne or carried on the occasion of their use as instruments proper of an art, sport, profession, occupation, or trade, any person who bears or carries any weapon of the kind commonly known as knife, dirk, dagger, sword, slungshot, sword cane, spear, jackknife, stiletto, ice pick, or any similar instrument, including also safety razor blades and bludgeons when drawn, exhibited, or used in the commission of a public offense or in the attempt of such commission; and any person who uses against another any of the weapons above named in this section, shall be guilty of a misdemeanor and if previously convicted of any violation of this Act, or of any of the offenses listed in Section 17(b) hereof, shall be guilty of felony."

Appellant maintains that it is inappropriate to consider the object seized as similar to an ice pick because many other objects and instruments of common use would also be weapons on account of their design.

The provision of law above-copied punishes the bearing or carrying of a knife, dirk, dagger, sword, stiletto, ice pick, *or any similar instrument*, except when they are borne or carried on the occasion of their use as instruments proper of an art, sport, profession, occupation, or trade . . . .

The instrument which we have traditionally known as screwdriver has usually been a round one with handle, the other extreme of which is a flat wedge-shaped end with its

horizontal axis perpendicular to its vertical axis. It does not end in a pointed edge so that it can enter the slot of the head of the screw. More recently another type of a similar instrument has appeared to be used with a certain kind of screw, which is also round with a handle but the other extreme of which is likewise round and sharp pointed, instead of flat and has cross slots. The instrument seized on appellant, introduced in evidence and which we have at hand corresponds to this last description.

The word *"punzón"* (ice pick) is derived from point and puncturing. According to Cabanellas—*Diccionario de Derecho Usual*—puncturing is that which punctures or which wounds with a pointed end. A dirk is, according to this author, the offensive weapon which wounds only with the pointed end. Casares in his *Diccionario Ideológico de la Lengua Española* defines *punzón* (ice pick) as a sharp-pointed iron instrument used to open holes, and puncture as the act of wounding with a pointed end.

Section 4 of the Weapons Law is ample and comprehensive. It includes as weapons, even objects of common use such as a knife, except when they are borne or carried on the occasion prescribed by the proper section. We do not entertain the least doubt that the instrument seized on appellant, although it is currently known as a Phillips screwdriver, is very similar to an ice pick. Not only as to its shape but also it has the same characteristic of the ice pick and of the dirk, that is, that if a person is attacked with this instrument he can only be wounded with a pointed end.[1]

Appellant submitted his case on the record of the prosecuting attorney and on a stipulation of the policeman's tes-

---

[1] The fact that we have compared the description of this instrument called Phillips screwdriver with the other type of flat screwdriver does not imply that we anticipate now our view to which would be our decision in the case of this second type of screwdriver as not being sharp-pointed, if it were borne or carried in similar circumstances.

timony. It appears from that record that a detective observed appellant and another individual manipulating inside a parked automobile. He knew that both had a criminal record and he suspected that they were attempting to steal the vehicle. He came close, and upon seeing him, appellant fled. The other individual drew out a folding knife, resisted the arrest wounding the detective on a hand, and fled. The detective was assisted by another policeman who pursued the attacker being in turn attacked by the latter with the knife. At last they captured him. Appellant was also caught, and when he was searched he had the instrument in question.

Clearly, appellant did not bear or carry this instrument on the occasion of a sport, trade, occupation, as the law says, other than his particular unlawful trade.

In view of the foregoing considerations, the judgment appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.

